*McCormick and Rawn,* for defendant.

---

*Court of Common Pleas, Dauphin County, December 9th,* 1853.

## HOFFMAN ET AL. *v.* WALBORN.

Where an issue is directed by the court, it is improper to take out a rule of reference under the compulsory arbitration law. An award of arbitrators, under the compulsory arbitration law, which determines the facts and leaves the law to the court, is irregular and will be set aside.

BY THE COURT.—It admits of great doubt whether this case was the subject of a reference under the compulsory arbitration law, as the Court of Common Pleas may direct an issue to determine any disputed facts if necessary. This very clearly imports that before any steps are taken after entering the appeal, the court shall determine what shall or must be decided, and direct the form of issue to determine the disputed facts, of course re-

[Shell, to use of Hochlander, v. Hummel and Geiger.]

serving to itself the determination of the issues of law. Here, before any action on the part of the court, the appellant took out a rule of reference, and submitted the whole question of law and fact to an arbitration. It is certain that the legislature, when it enacted a law some years afterwards, permitting the issues of fact, when so ordered by the court, to be referred to arbitrators, must have considered that they were not previously the subject of refer-- ence. At this time it is unnecessary, whether the general power to compel an arbitration exists in such a case, as the award is itself void. The arbitrators, instead of deciding the law and facts as required by the act of Assembly, have determined the facts and submitted the questions of law to the court, which, according to reported adjudications, is irregular and improper. The legisla- ture has authorized such a report to be made by agreement in *a voluntary* reference, but never intrusted that power to one by com- pulsion, such as this was. The award must be set aside.

*Fox and Herr, for plaintiff.*

*Kunkel, for defendant.*